**UNITED STATES, Appellee,**

v.

**Demetrius COLLINS, Defendant–Appellant.**

**Docket No. 05–2179–cr.**

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

J. Scott Porter, Seneca Falls, N.Y., for Appellant.

John–Claude Charbonneau, Assistant United States Attorney, (David V. Kirby, United States Attorney, District of Vermont, on the brief), Rutland, Vt., for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. TIMOTHY C. STANCEU,* Judge.

## SUMMARY ORDER

Defendant-appellant Demetrius Collins appeals from the District Court's denial of his motion to suppress evidence seized as a result of a motor vehicle stop and subsequent search. Following the District Court's adverse ruling on his motion, Collins pleaded guilty to one count of conspiring to possess with the intent to distribute 50 grams or more of cocaine base (crack cocaine), heroin, and Ecstasy in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The District Court sentenced Collins to 240 months' incarceration to be followed by four years of supervised release. On appeal, Collins argues that the search of the vehicle in which he was riding on March 22, 2002, was unreasonable and, thus, a violation of his Fourth Amendment rights. We assume the parties' familiarity with the relevant facts, procedural history, and specification of issues on appeal.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error but review its legal conclusions de novo. See United States v. Miller, 148 F.3d 207, 213 (2d Cir.1998), cert. denied 525 U.S. 1072, 119 S.Ct. 804, 142 L.Ed.2d 665 (1999). Since we must construe all evidence in the light most favorable to the government, see United States v. Reyes, 283 F.3d 446, 450 (2d Cir.), cert. denied 537 U.S. 822, 123 S.Ct. 106, 154 L.Ed.2d 31 (2002), and having reviewed the transcript of the hearing on the suppression motion, we are satisfied that the District Court did not exceed its allowable discretion in finding both facts that Collins challenges on appeal. We have no basis for second-guessing the District Court's assessment of the witnesses' credibility. See United States v. Hernandez, 85 F.3d 1023, 1029 (2d Cir.1996). The District Court was free to credit Detective LaChance's testimony that Susanne Cary, known by LaChance to be riding in the vehicle, was engaged in trafficking drugs from New York City to Rutland, Vermont. Further, the District Court did not err by crediting LaChance's testimony that Collins, an individual known to be engaged in drug trafficking, was in the vehicle.

Additionally, we find no error in the District Court's analysis of the Fourth Amendment issues. Corporal Johnson's traffic stop of the vehicle was reasonable given the traffic infraction. See United States v. Dhinsa, 171 F.3d 721, 725 (2d Cir.1999). The search of the vehicle and the bag found within was likewise lawful. The information that the vehicle was involved in trafficking drugs from New York City coupled with the officer's knowledge of Collins's involvement in drug trafficking, the driver's admission that Collins was in the vehicle, and the alert by the narcotics detection dog, created the "fair probability that contraband or evidence of a crime [would] be found" in the vehicle necessary to provide the officers with probable cause to search the vehicle. United States v. Gaskin, 364 F.3d 438, 457 (2d Cir.2004) (internal quotation marks omitted).

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.